UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  23-CIV-60804-Singhal/Valle

JURY TRIAL DEMANDED

**RENGIN GUNDOGDU**

Plaintiff,

v.

**LINKEDIN CORPORATION**

Defendant.

_____/



FILED BY ___ D.C.

MAY 02 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## ORIGINAL COMPLAINT

Plaintiff Rengin Gundogdu ("Gundogdu" or "Plaintiff") hereby files this Original Complaint against LinkedIn Corporation (Defendant), and respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff has sustained personal and economic injury in connection with and as a result of being deplatformed from LinkedIn.com job-search platform by Defendant when she expressed her religious conservative opinions and beliefs about current subject matters on the platform that is considered as a public forum. After Plaintiff's content is labelled as "misinformation" and she is deplatformed from LinkedIn.com, Plaintiff's image and reputation is damaged in her professional field. Plaintiff suffered loss of income, emotional distress, and humiliation. Plaintiff has been using LinkedIn.com job-search platform in finding job opportunities for nearly 20 years and she was also marketing her small business on the platform. Plaintiff lost her access to both

her personal and business account for over a year after Defendant deplatformed her by breaching the contract and express warranties and discriminating against her religious beliefs.

2. By this action, Plaintiff seeks redress for personal injury and economic injury due to 1) breach of express warranties, 2) breach of contract, and 3) discrimination against her religious conservative beliefs under Title VII of the Civil Rights Act of 1964. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received Right to Sue Notice from the EEOC of her right to sue Defendant as can be seen on Exhibit A. Plaintiff exhausted all administrative remedies before filing this suit.

## THE PARTIES

3. Plaintiff Rengin Gundogdu is a resident of Florida. Plaintiff is a professional person with an MBA degree who has a consulting company named Zorg World LLC registered in Florida. She has been working remotely as an independent contractor in the telecommunications industry since 2006 with place of current residence at 410 SE 16th Ct Apt 211, Fort Lauderdale, FL 33316.

4. On information and belief, Defendant LinkedIn Corporation doing business as LinkedIn, is a Delaware Corporation with its principal place of business in Sunnyvale, California in Santa Clara County. Defendant is headquartered at 1000 W. Maude, Sunnyvale, CA 94085. Defendant may be served with process through its registered agent Corporation Services Company at 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. Plaintiff brings this civil action against Defendant under Title VII of the Civil Rights Act of 1964 for discrimination due to her religious conservative beliefs and opinions which is a violation of Civil Rights guaranteed by the U.S. Constitution. This is a case based on religious

discrimination by a private company providing job search on its online public platform. Religious discrimination occurs when someone is denied "the equal protection of the laws, equality of status under the law, equal treatment in the administration of justice and equality of opportunity and access to employment, education, housing, public services and facilities. Any moral, philosophical, or ethical beliefs rooted in religion is also protected by the aforementioned Civil Rights Act. Defendant is providing a public service and offers employment platform globally which Plaintiff is deprived of by Defendant's unlawful conduct. Plaintiff is a job applicant, and she has been using LinkedIn.com platform for job search for nearly 20 years. This Court has subject matter jurisdiction over the claims in this action under 28 U.S. Code § 1331 and 1332.

6. This is an action for damages which the amount in controversy exceeds $75,000 due to breach of contract and express warranties, loss of income for a total of over one-year, suffering humiliation, emotional distress and loss of prestige and reputation. Plaintiff has an MBA degree and is currently pursuing her second master's degree in information systems. She was earning close to six figures and her income was over six figures in some years before Covid-19. Defendant's conduct has damaged Plaintiff's income, caused and continues to cause irreparable and incalculable harm and injury to Plaintiff and her business. Defendant's actions, as described below, have willfully, knowingly, and repeatedly violated Title VII of the Civil Rights Act against Plaintiff, and breached LinkedIn's User Agreement that is a binding legal contract, including its provisions by preventing to provide a safe and trusted platform where professionals can share and exchange ideas and information openly and freely and can search for a job. Moreover, Defendant caused harm to Plaintiff's prestige and reputation when Defendant labelled Plaintiff as spreader of "misleading content" and closed her account by deplatforming her.

7. Plaintiff is a Florida resident whereas Defendant is a Delaware corporation with its principal place of business in California and the parties establish diverse citizenships.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 1391(c). The dwelling of Plaintiff from where she used her LinkedIn.com account by accessing Internet through given local IP at the time when she was deplatformed for her posts was in Broward County where she suffered the harms Defendant has inflicted.

9. For these reasons, personal jurisdiction exists under 28 U.S.C. § 1391(b)(2) and (c).

## FACTUAL ALLEGATION

10. On information and belief, founded in 2003 and acquired by Microsoft in 2016, Defendant has over 10,000 employees and offices worldwide.

11. LinkedIn.com is a global online social network and job-search website for professionals. It has approximately 850 million members in over 200 countries and territories around the globe. Written on its website as an express warranty, its mission is to connect the world's professionals to make them more productive and successful.

12. At the heart of LinkedIn.com are its members. Members create profiles on LinkedIn.com platform by accepting the "User Agreement", which serve as their professional online identities. Members share their achievements, news, interests, ideas, and opinions and comment under or like other posts. Members may also create company pages to create brand awareness or promote their companies on LinkedIn.com.

13. Gundogdu had an active personal account on LinkedIn.com for nearly 20 years and frequently used LinkedIn.com to keep in touch with potential clients, previous coworkers, receive industry news, and insights while looking for job opportunities. Additionally, Gundogdu also had business account for her small business, Zorg World LLC, and used her company's

LinkedIn.com account to create brand awareness, attract new clients and hire employees for her clients through this platform. She has followers both on her company page and personal page. People have an option to follow and unfollow if they don't like the content. Nobody is forced to follow anyone or any company that they do not like or agree with. People have an option not to see the content that they don't like or agree with.

14. Gundogdu started her career in 2000. At the time when her account was shut down by Defendant, she had about 1,500 professional followers and connections of whom there are many decision makers and VPs, and she received around 12 written recommendations from her previous coworkers and managers for her success in her previous positions. Recommendations are very important in finding a good job for professionals. When people apply for jobs on LinkedIn.com, recruiters see the recommendations and the number of one's network. Gundogdu also shared several articles that she had written on the platform because LinkedIn.com online platform is supposedly a public space for professionals where they share knowledge, insights, opinions, and accomplishments with other professionals. Recruiters see these articles as well. Throughout the years, Gundogdu found most of her jobs through LinkedIn.com job-search platform.

15. Gundogdu has been working in telecom sector remotely as an independent contractor since 2006. She was already earning over six figures as Sales Manager in 2010. After Gundogdu was negatively affected by Covid-19 and lost her job, she started her own consulting company in Florida in 2020. She created her company account on LinkedIn.com. She was promoting her business and getting business opportunities through her company account and personal account. Business account on LinkedIn.com is very crucial for the success and continuity of Gundogdu's small business.

16. Besides being a professional person, Gundogdu is an activist who creates awareness on social media. Upon expressing her religious opinions that are conservative in nature, Defendant closed Gundogdu's personal LinkedIn.com account on and around February 2022. Gundogdu spent months to get her account back by writing to LinkedIn.com Support. Her account was restored on and around November 2022. Therefore, she didn't have access to her LinkedIn.com account for almost a whole year in 2022 which caused her to lose income.

17. Gundogdu kept on posting her opinions based on her religious conservative views on LinkedIn.com platform because it is her constitutional right, however her account was once again closed in January 2023 for sharing "misleading content" about Covid-19 vaccines as stated by Defendant. Gundogdu is against taking the vaccine due to her moral and ethical beliefs rooted in religion. She sent Cease and Desist letter to Defendant's legal address in February 2023 however, they replied in an email stating: "Your account is currently restricted for violating the LinkedIn Terms of Service by posting False or Misleading content." Gundogdu didn't post any false content and even if they claim she did without any legal or logical ground, they have no right or authority to label a content as true or false and deplatform a person from the job-search platform. Defendant is not the global ministry of truth or information but a biased private entity.

18. Defendant as described in its User Agreement provides a global public arena for professionals to share ideas, insights, news, and knowledge. In the same agreement which Gundogdu had to agree before opening an account on this platform, Defendant has never stated or asked Gundogdu to accept Defendant as sole authority to be a "ministry of information" in order to have a right to label a content as false or true. In the User Agreement, Defendant didn't publish "detailed definitions" of the standards it uses to censor or ban users, and the content that label as "misinformation". If we don't know what Defendant labels as misinformation on its

User Agreement and Terms of Conditions that keeps changing all the time by Defendant without any notice, then Gundogdu can't be punished and banned for what she shared on LinkedIn.com platform. Her posts shouldn't get a label as misleading content and she shouldn't be deplatformed which is a very harsh punishment and retaliation for having conservative views. Moreover, FDA released 9-pages of side effects of the Covid-19 vaccine after a court order in 2022 which justifies that Plaintiff was absolutely right in her opinions against the vaccine. Therefore, she shouldn't have gotten an image of spreader of false information which harmed her reputation and image in her professional field.

19. LinkedIn.com is a job-search platform and Defendant prevented Gundogdu from finding a good business opportunity for over a year. Thus, Defendant breached its User Agreement against Gundogdu by deplatforming Gundogdu for her religious conservative views from a public platform that is open globally to everyone. Defendant does not deliver what it promises on its website, that is a breach of express warranty in nature.

20. In many states, there are laws prohibiting discrimination based on "political ideology". Discrimination based on political affiliation is a pretext for illegal discrimination. Most of the times, political affiliation is based on religious views. In January 2022, Supreme Court ruled that it's against federal law to force people to get the vaccine at large U.S. businesses and concluded that this administration overstepped its authority. Moreover, Federal appeals court recently upheld its ban on vaccine mandate for federal employees stating that getting a vaccine is an "irreversible medical procedure". Because Gundogdu's religious belief is against taking this vaccine, Defendant discriminated Gundogdu due to her religious belief that is shared by millions of conservatives in the United States.

21. Gundogdu has been using LinkedIn.com to be in touch with her previous managers,

coworkers and to find a new job by checking available positions. Gundogdu was applying to these opportunities from the platform by showing her online recommendations and broad network. When you apply for a job, job posters can see how many followers you have and how many recommendations you received. Losing her LinkedIn.com account caused Gundogdu to lose income because she can't view and apply to open positions anymore. Additionally, not having a LinkedIn account is regarded as either a fake or an unsuccessful person especially in telecom sector. This caused Gundogdu to lose prestige and reputation. Some of her connections reached out to Gundogdu to see why her account is not active anymore. This discrimination affected Gundogdu negatively in her business and finding new business opportunities.

22. By closing Gundogdu's personal account, Defendant also disabled her access to her business account from which she has been getting business opportunities which is her only source of income. After her personal account is closed, Gundogdu can no longer update, edit, or add any information on her business LinkedIn.com account. Her access to her business account is restricted. Even if Defendant argues that Gundogdu violated its User Agreement by posting her conservative beliefs, her LLC company that is a separate entity didn't post any information that might offend anyone, but this entity is also punished by Defendant's unlawful conduct.

23. The laws enforced by EEOC prohibit an employer from treating an employee differently, or less favorably, because of particular religious beliefs or non-belief. Defendant offers an online job-search website globally to all professionals and in exchange for this interaction on its LinkedIn.com platform, Defendant uses, markets and sells people's data to third parties for profit. Gundogdu has a right not to be discriminated against her religious beliefs. The laws enforced by EEOC protect Gundogdu from being punished or harassed at work and job-search platform which is the LinkedIn.com platform and Gundogdu has a right to be protected from

retaliation. Gundogdu filed complaint with EEOC against Defendant on April 18, 2023. She received "Right to Sue Notice" as required by the law. According to Government Code section 12965, subdivision (c)(1)(C), Gundogdu can bring a civil action under the provisions of the Fair Employment and Housing Act against Defendant as seen on Exhibit A.

24. In a recent case similar to this case, DHI Group, Inc., which operates job-search website for technology professionals Dice.com, has entered into a conciliation agreement with the EEOC to resolve national origin discrimination charges. This resolution resolves multiple charges of discrimination filed against DHI, ending an investigation in which the EEOC determined it had reasonable cause to believe DHI violated Title VII when some of its customers posted positions on Dice.com that excluded those of American national origin, thereby deterring a class of workers from applying. Title VII of the Civil Rights Act of 1964 prohibits employers, employment agencies, and labor organizations from publishing an employment notice that indicates a preference or limitation based on national origin and religious discrimination. Defendant violated Title VII against Gundogdu and has to be held accountable for its unlawful actions. The EEOC's Miami District Office director, Evangeline Hawthorne, added on this similar case, "It is imperative that individuals have equal access to employment. This settlement serves as a reminder that the provisions of Title VII extend to employment agencies." LinkedIn.com acts as an employment agency by providing job-search on its platform. Therefore, Defendant cannot discriminate Gundogdu or anyone else based on their religious views.

### FIRST CLAIM FOR RELIEF

### Religious Discrimination Under Title VII

25. Defendant is not immune from liability for screening and blocking Gundogdu's contents,

deplatforming her from its platform for expressing her religious conservative beliefs and for labeling her posts "misinformation" that damaged her image and reputation. The displacement from the LinkedIn.com platform harmed Gundogdu and resulted her to lose her clients, potential job offers, income and respect in the business community. Moreover, she lost her online recommendations, contact database, messages, and all her 20 years of accumulated business network in the industry for which she worked so hard throughout two decades. Defendant did not allow Gundogdu to get her contacts so she could reach out to them, and she also lost her published articles. Gundogdu is a digital creator and content contributor who has shared several articles on the platform. All her content belongs to Gundogdu, not Defendant.

26. Almost all national and global companies require LinkedIn.com account when applying for a job on recruiting platforms like Indeed, Glassdoor and Zip Recruiter and if you don't have a LinkedIn.com account, they don't trust you and hire you. In some cases, you can't even apply for a job without an active LinkedIn.com account. Not having a LinkedIn.com account is regarded as a fake, unsuccessful and/or incompetent person. When Gundogdu applies for a job and has an interview, she is usually asked about her LinkedIn.com account. She loses job opportunities when she says that her account is closed and gets an image like she did something wrong. Defendant deprived Gundogdu's right to have a LinkedIn.com account so she can find and land job opportunities. That has been affecting her income negatively for over a year.

27. Deplatforming Gundogdu based on her religious conservative opinions is a violation of freedom of religion. Deplatforming is defined as denying someone access to the platform outright, as opposed to moderating their content on a case-by-case basis. Because LinkedIn.com platform has become an open public arena, Defendant has no right to prevent Gundogdu from accessing and using it due to her conservative beliefs. This is same as preventing someone to

have housing accommodation or access to a public place due to her religion. The First Amendment protects Gundogdu's right to access brick-and-mortar and online public space and to a job-search platform that is available to all regardless of religious and conservative opinions. EEOC protects religious beliefs both ethical and moral. Specifically, Title VII is the main federal law that prohibits employment discrimination based on religion.[1] This means that an employer cannot take an "adverse employment action" — such as firing, refusing to hire, demoting, refusing to promote, etc. — against an employee or potential employee based on religion. If they do, the employee might have a discrimination claim. Therefore, Defendant violated Gundogdu's constitutional right and Gundogdu is entitled to claim redress for unequal civil rights, emotional distress, loss of income and prestige under Title VII of the Civil Rights Act.

## SECOND CLAIM FOR RELIEF

### Breach of Express Warranty and Contract

28. Defendant engages in business practices, which like their false claims about the Product ("LinkedIn.com") and Services, mislead members as to the Product's efficacy, reliability, and credibility.

29. When Gundogdu created her member profile about 20 years ago on LinkedIn.com, she accepted LinkedIn.com User Agreement. User Agreement is regarded as a legally binding "Contract" by Defendant as described under User Agreement, Section 1.1 between a member and the site's owner that is Defendant. Section 1.1 Contract states:

> "You agree that by clicking "Join Now", "Join LinkedIn", "Sign Up" or similar, registering, accessing or using our services (described below), you are agreeing to enter into a legally binding contract with LinkedIn (even if

---

[1] https://www.eeoc.gov/statutes/title-vii-civil-rights-act-1964

you are using our Services on behalf of a company). If you do not agree to this contract ("Contract" or "User Agreement"), do not click "Join Now" (or similar) and do not access or otherwise use any of our Services. If you wish to terminate this contract, at any time you can do so by closing your account and no longer accessing or using our Services."

30. Gundogdu formed a contract with Defendant at the time she created her member profile, and started using the Product. The terms of that contract include the promises and affirmations of fact made by Defendant through marketing and advertising as part of its campaign. This marketing and advertising constitute express warranties and became part of the basis of the bargain, and are part of the contract between Gundogdu and Defendant. Defendant provided express warranty when it claimed that it is a trustable platform where Gundogdu can share her ideas and opinions freely and learn and find job opportunities. However, Defendant constantly monitored, flagged, censored, and discriminated Gundogdu for her religious viewpoints that are conservative, and blocked her right to be more productive and successful by expressing her ideas and opinions, and find and apply to job opportunities which is a breach of express warranty and contract. LinkedIn.com User Agreement states:

"Our mission is to connect the world's professionals to allow them to be more productive and successful. Our services are designed to promote economic opportunity for our members by enabling you and millions of other professionals to meet, exchange ideas, learn, and find opportunities or employees, work, and make decisions in a network of trusted relationships."

31. Defendant continuously intervened in Gundogdu's content and modified the meaning of

her expression by labeling it misinformation which is another breach of express warranty and contract. Fourth Clause on its User Agreement states:

> "While we may edit and make format changes to your content (such as translating or transcribing it, modifying the size, layout or file type or removing metadata), we will not modify the meaning of your expression."

32. Defendant is not acting on good faith while moderating the content on LinkedIn.com platform against conservatives like Gundogdu. A social media platform may act in bad faith if it acts inconsistently with its terms of service, applies those terms unequally, or changes them frequently to target certain classes of people and in this case, Defendant favors liberals and discriminates conservatives. Additionally, Defendant states the following in its User Agreement:

> "We may modify this Contract, our Privacy Policy and our Cookies Policy from time to time."

Defendant modifies its User Agreement to target certain type of people in the society which is blatant discrimination. Gundogdu is deplatformed by Defendant for simply expressing her own conservative opinions without using any threats or obscene words.

33. Gundogdu's posts were neither a threat nor indecent content or involves any obscenity or similar materials. Still, Gundogdu's posts are taken down and she is banned from LinkedIn.com platform for expressing her conservative views that is her constitutional right. Exercising freedom of religion– without fear or unlawful interference – is central to living in an open and fair society; one in which people can access justice and enjoy their human rights. Defendant misleadingly promises freedom of expression on its User Agreement which it failed to follow for Gundogdu, and this is another breach of express warranty and contract.

34. Defendant states following under User Agreement, Section 3. Rights and Limits:

ORIGINAL COMPLAINT

> "You own all of the content, feedback and personal information you provide to us, but you also grant us a non-exclusive license to it."

However, when Defendant banned Gundogdu from LinkedIn.com platform, it didn't allow Gundogdu to take her published articles, contacts, messages, and recommendations.

35. Defendant breached express warranties about its LinkedIn.com platform which is its Product because its statements about the Product were false and the Product does not conform to its affirmations and promises. Gundogdu relied on Defendant's false and misleading claims about the Product including, but not limited to, the claims made by Defendant on social media sites, in using the Product. Gundogdu would not have used the Product had she known the true nature of the Product and the misstatements regarding what she can write and what she can't write on the platform.

36. In February 2023, Gundogdu informed LinkedIn in writing of these breaches and provided Defendant an opportunity to address them and to enable her account. Defendant has failed to do so.

37. For the reasons previously detailed at length, each statement in the contract is false and/or misleading. Defendant breached express warranties about the Product and the terms stated in the contract against Gundogdu on many occasions and thus, Defendant is liable and responsible for personal and economical injury against Gundogdu.

## **PRAYER FOR RELIEF**

WHEREFORE, upon proper hearing or final trial, Plaintiff respectfully requests that this Court find in her favor and against Defendant, and that the Court grant Plaintiff the following relief:

    a. That Defendants be cited to appear and answer in this case;

b. That the Court set a hearing;

c. That the Court enter a temporary Order against Defendant to enable Plaintiff's LinkedIn.com account till final trial;

d. Judgment that Title VII of the Civil Rights Act is violated by Defendant;

e. That the Court award costs of court and compensatory damages to Plaintiff for discrimination and violation of her constitutional right;

f. That Plaintiff be granted financial relief for breach of contract and express warranties, and loss of income, reputation and prestige;

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury under Fed. R. Civ. P. 38.

Dated this 28th day of April, 2023

Respectfully submitted,

Rengin Gundogdu

410 SE 16th Ct Apt 211,
Fort Lauderdale, FL 33316
rengingundogdu@hotmail.com
Phone: 954-716-3387

RENGIN GUNDOGDU
(954) 716-3387
THE UPS STORE #0896
757 SE 17TH ST
FORT LAUDERDALE  FL 33316-2954

1 LBS        1 OF 1
SHP WT: 1 LBS
DATE: 28 APR 2023

SHIP U.S DISTRICT COURT
TO:  ROOM 108
     299 E BROWARD BLVD

FORT LAUDERDALE  FL 33301-1922



FL 333 0-02



UPS GROUND
TRACKING #: 1Z 378 137 03 4226 8573

BILLING: P/P

ISH 13.00F ZZP 450 15.5V 04/2023