# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 03, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810



Appeal Number: 23-12706-CC
Case Style: Rengin Gundogdu v. LinkedIn Corporation
District Court Docket No: 0:23-cv-60804-WPD

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers
General Information:     404-335-6100      Attorney Admissions:        404-335-6122
Case Administration:     404-335-6135      Capital Cases:              404-335-6200
CM/ECF Help Desk:        404-335-6125      Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

MDT-1 Letter Issuing Mandate

ISSUED AS MANDATE 7/3/2024

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12706

_____

RENGIN GUNDOGDU,

                                                                    Plaintiff-Appellant,

versus

LINKEDIN CORPORATION,

                                                                     Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-60804-WPD

_____

JUDGMENT

2                                                                  23-12706

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 12, 2024

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-12706

Non-Argument Calendar

_____

RENGIN GUNDOGDU,

　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

LINKEDIN CORPORATION,

　　　　　　　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-60804-WPD

_____

Case 0:23-cv-60804-WPD   Document 52   Entered on FLSD Docket 07/08/2024   Page 5 of 14
USCA11 Case: 23-12706   Document: 21-1   Date Filed: 04/12/2024   Page: 2 of 9

2                           Opinion of the Court                    23-12706

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In this employment discrimination and breach of contract case, the district court granted defendant-appellee LinkedIn Corporation's motion to dismiss and denied plaintiff-appellant Rengin Gundogdu's motion for a preliminary injunction. Gundogdu appeals, asserting that both decisions were error. On appeal, however, Gundogdu principally addresses issues not raised in this case, and offers no citations to the record or legal authority in support of her claims. Thus, we conclude that she has forfeited the relevant issues, and we affirm.

## I.    Background

This case is Gundogdu's third attempt to plausibly allege that LinkedIn violated her rights when it suspended her account for allegedly violating its terms of service by posting content opposed to the COVID-19 vaccine on her page. In March 2023, she sued LinkedIn, alleging it had violated her First Amendment rights and breached a contract with her. The district court dismissed the action without prejudice for lack of subject matter jurisdiction, failure to state a claim, and frivolousness. Later that same month, Gundogdu filed an amended complaint, this time alleging breach of contract and a claim for religious discrimination under Title VII. The court again dismissed her claims without prejudice, this time for failure to rectify many of the deficiencies it had identified in dismissing the first complaint—as well as for failure to state a clam.

Case 0:23-cv-60804-WPD   Document 52   Entered on FLSD Docket 07/08/2024   Page 6 of 14
USCA11 Case: 23-12706   Document: 21-1   Date Filed: 04/12/2024   Page: 3 of 9

23-12706                Opinion of the Court                3

Gundogdu filed this action in May of 2023, now alleging (1) a violation of under Title VII and (2) breach of express warranties and a contract with her. In the operative complaint, Gundogdu sought damages and reinstatement of her LinkedIn account (including during the pendency of this lawsuit).

Gundogdu alleged that she is an independent contractor who runs a consulting company and looks for job opportunities using LinkedIn. She used her personal LinkedIn account to keep in touch with potential clients and previous coworkers, as well as to receive news and look for job opportunities. She also has a business account associated with her consulting business, which she used to create brand awareness, attract new clients, and hire employees for her clients. Gundogdu used both accounts to promote her consulting business.

According to the complaint, LinkedIn suspended her personal account in 2022 and then again in 2023, which also deprived her of access to her business account. The suspension happened, Gundogdu alleged, after she "express[ed] her religious opinions that are conservative in nature" about her the COVID-19 vaccine. She wrote to LinkedIn support, and eventually her account was restored in November 2022. But when Gundogdu resumed sharing "her opinions based on her religious conservative views," her account was closed again for sharing "misleading content" about the COVID-19 vaccines. Gundogdu alleged that she was suspended for voicing her views, which are rooted in her

4  Opinion of the Court  23-12706

religion. Gundogdu alleged she lost income as a result of the suspension.

The complaint alleged (essentially) two claims. First, Gundogdu alleged that, when LinkedIn suspended her account "for expressing her religious conservative beliefs," and "label[ed] her posts 'misinformation,'" it discriminated against her because of her religion in violation of Title VII. To that end, Gundogdu alleged that LinkedIn is an "employment agency" for purposes of Title VII because it "provid[es] job-search [functionality] on its platform."[1] Second, Gundogdu alleged that LinkedIn's User Agreement constituted a contract with her, and that LinkedIn breached that contract and an express warranty to her by "block[ing] her right to be more productive and successful," modifying "the meaning of her expression by labeling it misinformation," "misleadingly promis[ing] freedom of expression [in] its User Agreement," and representing itself as a platform where she could freely share her opinions and find job opportunities.

Gundogdu filed a motion for a preliminary injunction, seeking reinstatement to LinkedIn during the pendency of the

---

[1] *See* 42 U.S.C. § 2000e-2(b) (providing that "[i]t shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, *religion*, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, *religion*, sex, or national origin"(emphasis added)).

23-12706               Opinion of the Court                    5

litigation. LinkedIn opposed the motion and moved to dismiss the complaint.[2]

The district court granted the motion to dismiss. First, the court concluded that the Title VII claim failed because LinkedIn is not an employment agency within the meaning of Title VII. "Though [Gundogdu] allege[d] that LinkedIn provided a platform for her to look for job opportunities and promote her business," the court explained, "merely providing users with access to employment opportunities" was not "a significant degree of engagement in employment-related activities." Second, even assuming LinkedIn was an employment agency within the meaning of Title VII, the district court concluded that Gundogdu's religious discrimination claim would fail because she "[did] not specifically allege any facts suggesting that she relayed these religious beliefs to LinkedIn"—meaning she could not show that "LinkedIn failed or refused to refer her to any specific employment opportunity *because* of her religious beliefs[.]" Third, the court rejected Gundogdu's claims for Breach of Express Warranty and Contract. The district court explained that Gundogdu only "vaguely allege[d] that LinkedIn breached its User Agreement," without "alleg[ing the] specific provisions of the User Agreement which correspond to these alleged breaches." To the extent that

---

[2] In the motion to dismiss, LinkedIn moved (in the alternative) to transfer the case to the Northern District of California under the User Agreement's forum-selection clause. Because the district court granted the motion to dismiss, it did not reach the transfer request, and the forum-selection clause is not at issue in this appeal.

6              Opinion of the Court              23-12706

Gundogdu pointed to LinkedIn's policy statement that it would not modify the meaning of her expression, which she alleged it did by labeling her posts as misinformation, the district court concluded that the labels did not change or alter her posts. Finally, the court concluded that Gundogdu had "fail[ed] to state a plausible claim for breach of express warranty." Gundogdu could not point to a breached express warranty, the court explained, because "none of the contractual provisions [she] cite[d] can reasonably be interpreted as an express warranty."

The court denied Gundogdu's motion for a preliminary injunction for the same reasons: "[b]ecause [Gundogdu's c]omplaint is dismissed with prejudice for failure to state a claim, [she] cannot demonstrate a substantial likelihood of success on the merits." Gundogdu, proceeding *pro se*, timely appealed.

## II.   Discussion

On appeal, Gundogdu asserts that "this Court should reverse the district court's order and grant [her motion for a] preliminary injunction with the relief requested." But Gundogdu fails to meaningfully support that request with argument and citation of authority as to the claims actually raised and dismissed in this case—Title VII religious discrimination, breach of contract, and breach of warranty.

While we liberally construe the filings of *pro se* parties, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165,

Case 0:23-cv-60804-WPD   Document 52   Entered on FLSD Docket 07/08/2024   Page 10 of 14
USCA11 Case: 23-12706   Document: 21-1   Date Filed: 04/12/2024   Page: 7 of 9

23-12706               Opinion of the Court                7

1168-69 (11th Cir. 2014) ("even in the case of pro se litigants," the customary leniency towards pro se parties "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). An appellant's brief must include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]" Fed. R. App. P. 28(a)(8)(A). Thus, "[w]e have long held that an appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). We generally do not consider forfeited issues absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 95 (2022).[3]

---

[3] Such "extraordinary circumstances" include situations where

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*Campbell,* 26 F.4th at 873. Gundogdu has not argued any such circumstances exist, and we see none.

| 8 | Opinion of the Court | 23-12706 |

Gundogdu's brief offers no meaningful support for her contentions, forfeiting the only issues relevant to this appeal. *See id.* at 872 ("forfeiture is the failure to make the timely assertion of a right," thus abandoning it). Her brief primarily discusses the First Amendment, but there is no First Amendment claim alleged in her operative complaint—that claim having been dismissed in a prior action.[4] Gundogdu also makes passing references to her Title VII claim, and her assertion that LinkedIn is an "employment agency" within the meaning of the statute. But she does not cite any authority for that proposition, parse the text of Title VII, or even point to what allegations in the complaint she relies on.[5] The same goes for her breach of contract and breach of warranty claims.[6] And Gundogdu offers no response at all to the district court's conclusion that she failed to allege that she informed LinkedIn that her posts, which stated opposition to the COVID-19 vaccine, were religiously motivated. Finally, the only *mentions* of her bid for a preliminary injunction come in her discussion of Article III

---

[4] Gundogdu also discusses her standing to sue at some length. But her standing is not in question, and her arguments to that end do not relate to the district court's bases for dismissing her complaint.

[5] Gundogdu devotes a section of her brief to the state of the law in the Fifth Circuit—but she never identifies what case she is referring to, explains why it is persuasive here, or even ties the supposed authorities to the issues in this case.

[6] Gundogdu also appears to question the impartiality of the district judge assigned to her case, though she fails to substantiate her accusations or explain why reversal is warranted. Even assuming she properly raised this issue, though she has not, we find no merit in it.

Case 0:23-cv-60804-WPD   Document 52   Entered on FLSD Docket 07/08/2024   Page 12 of 14
USCA11 Case: 23-12706   Document: 21-1   Date Filed: 04/12/2024   Page: 9 of 9

23-12706               Opinion of the Court                9

standing (which, again, is not in question here) and in the conclusion section of her brief—neither of which come with any citations to the record or legal authority in support of an injunction.

Thus, Gundogdu has forfeited any argument that the district court erred in dismissing her claims for Title VII religious discrimination, breach of contract or warranty, as well as her bid for a preliminary injunction.

### III. Conclusion

Because Gundogdu has not supported her claims of error with citations to the record or legal authority, she has abandoned those claims, and we must affirm.

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 12, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-12706-CC
Case Style: Rengin Gundogdu v. LinkedIn Corporation
District Court Docket No: 0:23-cv-60804-WPD

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion